**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LINWOOD GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-4155 (UNA) |
| | ) | |
| BARBARA S. SKALLA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff brings this action against the three former Assistant United States Attorneys, four former agents of the Drug Enforcement Administration, and one former member of a District of Columbia Task Force in their official and individual capacities. *See* Compl. (ECF No. 1) at 2. He alleges that, between January 10, 1995, and February 21, 1995, Defendants "deliberately and knowingly utilized fabricated testimonial evidence to falsely convict [him]." *Id*. Plaintiff alleges that Defendants not only "relied upon scripted fabricated testimony," *id*. at 3, of a paid government information, *id*. at 2, but also withheld exculpatory evidence, *see id*. at 3. As a result, Plaintiff alleges, he "endured a wrongful conviction and served 26.5 years of incarceration, followed by four years of supervised release, all under the shadow of a conviction obtained through deceit." *Id*. For alleged violations of constitutionally protected rights, Plaintiff demands a declaratory judgment and an award of compensatory and punitive damages. *See id*. at 4.

The Court understands Plaintiff to bring claims against Defendants in their individual capacities under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). These claims cannot proceed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), which held:

1

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486–487; *Williams v. Hill*, 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (applying the *Heck* rule to *Bivens* actions).  Plaintiff's success in this civil action necessarily implies that his conviction was invalid.  And absent a showing that his conviction or sentence has been reversed or otherwise invalidated, his *Bivens* claim against Defendants in their individual capacities fails.  *See Gowadia v. Internal Revenue Serv.*, 87 F. Supp. 3d 188, 190 (D.D.C. 2015) ("Because Plaintiff's convictions have not been invalidated in any prior proceeding, *Heck* bars this suit."); *Poynter v. Russo*, No. 13-cv-1129 EGS, 2013 WL 4052784, at *1 (D.D.C. Aug. 12, 2013) (*sua sponte* dismissal under *Heck* where plaintiff did not establish conviction had been overturned).

Plaintiff's claims against Defendants in their official capacities also fail.  He purports to proceed under 42 U.S.C. § 1983, a statute which does not apply to federal officials acting under color of federal law.  *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).

The court will GRANT Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and DISMISS the complaint for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  An Order is issued separately.

/s/
TANYA S. CHUTKAN
DATE: March 20, 2026                    United States District Judge

2